HORACE H. BIGELOW *vs.* CITY COUNCIL OF WORCESTER.
G. HENRY WHITCOMB & others *vs.* MAYOR OF WORCESTER
& others.

Worcester.    October 9, 1897. — November 8, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*City — Way — Specific Repairs — Order of City Council.*

A mere change of grade in an existing way, or change in the material of which the
way is constructed, is not an alteration of the way, within the meaning of Pub.
Sts. c. 49, but "specific repairs" on the way; and an order authorizing the
work, passed by a city council, which is given by statute exclusive jurisdiction
to make such repairs within the limits of the city, is not open to objection, in
the absence of a provision of statute or ordinance requiring any particular form
of proceeding as preliminary to the adoption of such an order.

THE FIRST CASE is a petition for a writ of certiorari to quash
an order of the respondent, as follows: " City of Worcester, in
City Council, May 24, 1897.    Ordered, That the Street Com-
missioner be, and he is hereby authorized and directed under
the direction of the Mayor, and under the immediate direction
of the City Engineer, to construct at the causeway crossing
Lake Quinsigamond a three-arch masonry bridge, in accordance
with plans on file in the office of the City Engineer.    Estimated
expense, $62,658.27.    The cost of construction to be charged
to street construction account."    The second case is a bill in
equity, under Pub. Sts. c. 27, § 129, to restrain the expenditure
of money under the order.    The cases were heard together be-
fore *Knowlton*, J., who, at the request of the parties, reserved
them for the determination of the full court.    The facts mate-
rial to the point decided appear in the opinion.

*W. A. Gile,* for the petitioners.

*A. P. Rugg,* for the respondents.

KNOWLTON, J.    These two cases are founded on the alleged
illegality of action taken by the city council of the city of
Worcester in adopting an order authorizing and directing the
construction of a bridge at the causeway crossing Lake Quinsig-
amond, in accordance with plans on file in the office of the city

engineer. The first is a petition for a writ of certiorari to quash the proceedings; the second is a bill in equity brought by ten tax-payers under Pub. Sts. c. 27, § 129, to obtain an injunction against the officers of the city to prevent the expenditure of money under the order. The principal difference between the cases is in the remedy sought.

According to the record now before us, the proposed work involves, first, a change of grade in an existing highway, and, secondly, a change in the material of which the way is constructed. There is now a causeway built across the lake by filling along the line of the highway, and constructing an embankment of earth over which the travel passes. The order directs an excavation of the earth, and the substitution of a bridge for a certain distance along the highway. The width of the location of the highway at this point, as laid out by the county commissioners, does not appear. Their order for construction required that the travelled part should be worked for use by teams to the width of twenty-four feet, and the agreed statement of facts shows that the width of the travelled way has been in fact about thirty-three feet. The lake at this point is about eighty feet deep, and the filling for the causeway sloping upward is about two hundred and. thirty feet wide at the bottom. Lake Quinsigamond is a great pond, and it is agreed that the proposed location for the bridge, and the change of grade for the approaches to it, are entirely within the limits of the causeway as constructed, and outside of the limits of riparian ownership by any individual. The fair inference is that they are within the limits of the location of the highway; at least there is nothing to show that they are not. The proposed changes have been approved by the board of land and harbor commissioners, and by the Governor and Council, representing the interests of the public and of the Commonwealth in the great pond.

In *Callender* v. *Marsh*, 1 Pick. 478, it was held that, upon the location and construction of a highway and the payment of damages to abutters, the public acquire by purchase a right to do everything with the soil over which the passage goes that may render the way safe and convenient, including the making of changes of grade, however great, without the further payment

of damages.   Soon after this decision, a statute was passed, which now appears in Pub. Sts. c. 52, § 15, giving to abutters the damages caused by changes of grade, or other work done for the purpose of repairing a way.   The right to make changes of grade and changes of construction by the public authorities within the limits of existing ways, without notice to abutters or other individuals who may deem themselves interested, is recognized by our statutes and decisions.   If such changes are no greater than may be made as a part of ordinary repairs, looking only to such improvements as may be expected as incidental to reconstruction, they are within the authority of the highway surveyor or road commissioners.   If they are of great magnitude, they are made under orders for specific repairs passed by the county commissioners, or by the selectmen or road commissioners of towns, or by the proper authorities in cities.

, Provisions for laying out, altering, and discontinuing highways and town ways are found in Pub. Sts. c. 49.   In § 13 of this statute there is a provision for locating anew highways and town ways by the county commissioners, and in §§ 10 and 65 there is authority for making specific repairs.   When specific repairs are contemplated upon an existing way, the only parties whose interest is so far recognized by the statutes as to entitle them to notice, are the cities or towns which may be called upon to pay the expense of the work.   The provisions of the statute requiring notice to landowners when a way is laid out or altered by the authorities of a town do not apply to the making of specific repairs.   Pub. Sts. c. 49, §§ 65–67.   A town way may be discontinued without notice to individuals, except by the warrant calling the town meeting.   Pub. Sts. c. 49, § 66.   *Avery* v. *Stewart,* 1 Cush. 496.   So if the county commissioners, acting upon a petition for laying out or altering a highway, are of opinion that the existing highway can be so far amended as to supersede the necessity of laying out a new highway, or altering an existing highway, they may proceed to order specific repairs by giving notice to the towns interested, without notice to individuals that specific repairs are contemplated.   Pub. Sts. c. 49, § 10.   If individuals suffer damage from the making of specific repairs, either under an order by the county commissioners, or by the selectmen of towns, they may recover them.   Pub. Sts. c. 49, §§ 15, 68.

The distinction between a technical alteration of a highway or town way and an order for specific repairs upon an existing way is recognized in many sections of the chapter just cited. A mere change of grade in an existing way, or change in the material of which a way is constructed, is not an alteration of a way within the meaning of this chapter. A technical alteration is the substitution of one way for another. *Bliss* v. *Deerfield*, 13 Pick. 102, 106. *Goodwin* v. *Marblehead*, 1 Allen, 37. *Commonwealth* v. *Cambridge*, 7 Mass. 158, 163. The work to be done under the order before us is not a technical alteration of the highway, but specific repairs of the way.

By St. 1893, c. 444, § 20, the city council of the city of Worcester is given exclusive jurisdiction to lay out, alter, or discontinue, not only town ways, but highways within the limits of the city, and to make specific repairs upon such ways. *Worcester* v. *County Commissioners*, 167 Mass. 565. We have not been referred to any ordinances of the city of Worcester prescribing the course of proceedings in such cases. Looking to the statutes alone, there is nothing that requires any particular form of proceeding as preliminary to the adoption of an order for specific repairs upon a highway or town way within the city. The requirements of Pub. Sts. c. 49, § 10, that the county commissioners, before ordering specific repairs upon a highway, shall give due notice to the towns interested, is not applicable, because the city council cannot make an order for repairs upon any part of a highway outside of Worcester, and no town can be interested. The interest of the city is represented by the city council, which is the acting tribunal. In this particular, their authority to act in reference to highways within the city is as great as that of selectmen of towns acting under Pub. Sts. c. 49, § 65, in ordering specific repairs upon a town way, and we have already seen that in such cases no notice is required. It follows that no illegality or error is shown in the adoption of the order in question.

This view of the law and facts makes it unnecessary to consider other grounds of defence relied on by the respondents in each of the cases.

*Petition dismissed, and bill dismissed.*