BENJAMIN I. STOWELL & others *vs.* BOARD OF PUBLIC WORKS
FOR THE CITY OF NEW BEDFORD & another.

Bristol.    October 27, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Way.    Trespass.*

An order laying out a street, made by a board having jurisdiction over the subject,
cannot be attacked in an action of tort. If such an order is defective for want
of sufficient notice to remove walls, fences and trees, the remedy is by certiorari.

If an order laying out a street gives a landowner a reasonable time to remove his
walls, fences and trees, and before that time has elapsed they are destroyed in
the construction of the highway, the owner cannot recover for his loss in an
action of tort, but only by a petition under the highway act for damages occa-
sioned by the laying out of the street.

TORT, in the nature of trespass, against Charles S. Ashley and
others, members of the board of public works for the city of New
Bedford under St. 1889, c. 167, as amended by St. 1890, c. 342,
and the superintendent of streets of that city, alleging that the
defendants by their agents and servants entered the plaintiffs'
close and cut down and carried away trees and plants growing
thereon, and tore down walls and fences of the plaintiffs.    Writ
dated April 21, 1900.

At the trial in the Superior Court before *Braley*, J., it ap-
peared that the acts complained of were done under an order of
the board of public works made on April 23, 1894, as to the lay-
ing out and widening of Kempton Street in New Bedford.

The order, after recitals, concluded as follows: " Ordered,
That the parcel of land before described be, and the same hereby
taken and laid out and accepted under the provisions of
the Highway Act as a public street or way of the said city, to be
known as Kempton Street, and the grade thereof is established
according to a plan of the said laying out and profile of grade by
W. F. Williams, City Land Surveyor, dated July 28, 1893, and
deposited in the office of this Board ; that this Board doth ad-
judge that there are no damages to the estates, parts of which
are taken as above, and that all persons or parties, owners of
land in the line of said lay out, remove and take away any and

all buildings, fences, or trees from the land so taken within
days from and after the adoption of this order."

The plaintiffs contended that the order was defective in that
no time was given in which to remove the walls, fences and
trees; and further contended that, even if the lay out was not
invalid, it was the duty of the board to give notice to the plain-
tiffs before they entered on the land, to remove the walls, fences
and trees of the plaintiffs, and that not having done so it was a
trespass.

The defendants contended that the legality of the lay out
could not be attacked collaterally, and that the plaintiffs' remedy
was by certiorari.

The judge ruled that for the purposes of this case the lay out
was valid, and that a reasonable time had elapsed from the date
of the lay out within which Nancy R. Stowell or the plaintiffs,
her heirs at law, could have removed the trees, plants and wall,
and that upon all the evidence in the case the plaintiffs were
not entitled to recover.  By agreement of parties the case was
submitted to the jury to find and assess such damages as the
plaintiffs actually had sustained.  The jury found and assessed
such damages in the sum of $427.78 and the judge ordered a
verdict for the defendants.  At the request of the plaintiffs and
by agreement of the parties, the judge reported the case for deter-
mination by this court.  If the ruling that upon all the evidence
the plaintiffs were not entitled to recover was right, judgment
was to be entered upon the verdict; otherwise judgment was to
be entered for the plaintiffs in the sum of $427.78.

*J. L. Gillingham,* for the plaintiffs.

*B. B. Barney,* for the defendants.

HAMMOND, J.   This is an action of tort in the nature of tres-
pass for entering upon the land of the plaintiffs and cutting down
and carrying away certain trees and shrubs growing thereon and
doing other acts more particularly described in the declaration.

It appeared that the acts complained of were done by the de-
fendants acting under the order of April 23, 1894, passed by the
proper authorities, purporting to lay out a public street over the
locus; and it was not denied by the plaintiffs that in the con-
struction of the street the acts were reasonably necessary.  The
plaintiffs contend that the order was "defective in that no time

was given in which to remove the walls, fences and trees," and further, that "even if it should be said that the lay out was not invalid in whole or in part, it was still the duty of the board" before entering upon the land to give notice to the plaintiffs to remove the walls, fences and trees; and that since no such notice was given the entry was a trespass.

Upon the facts shown in this case, the board by which the order was passed had jurisdiction over the subject of the laying out of the street, and even if the order was defective by reason of its failure to name the precise time within which the owner might remove the walls, fences and trees, its validity cannot for that reason be attacked collaterally. Certiorari is the only proper remedy. There is a difference in this respect between the proceedings of a town and those of a board like this. *Robbins* v. *Lexington*, 8 Cush. 292. *Taber* v. *New Bedford*, 135 Mass. 162. *Foley* v. *Haverhill*, 144 Mass. 352, and cases there cited. The order therefore must stand, and it furnishes a legal justification for such acts of the defendants as were reasonably necessary for the construction of the street.

Under the form of the report it is not necessary to consider whether the fair construction of the order is, as claimed by the defendants, that the owner should have a reasonable time to remove his property and that such time had elapsed before the defendants committed the acts complained of, because, even if by reason of lack of notice to remove, the plaintiffs were entitled to the value of the things removed, the damages for the loss are not recoverable in an action of tort, but they would form a part of the sum recoverable in a petition under the statute for damages occasioned by the laying out of the street. *White* v. *Foxborough*, 151 Mass. 28.

The ruling that upon all the evidence the plaintiffs were not entitled to recover was right, and in accordance with the terms of the report judgment is to be entered for the defendants.

*So ordered.*