Louise S. Holbrook *vs.* Selectmen of Douglas & others.

Worcester.    September 29, 1908. — October 22, 1908.

Present: Knowlton, C. J., Morton, Loring, Sheldon, & Rugg, JJ.

*Way*, Relocation, Alteration.   *Municipal Corporations*, Officers and agents.

A petition, presented to the selectmen of a town which had not accepted R. L. c. 48, §§ 58–61, averred that "common convenience and necessity require the relocation of a certain way or road in said town . . . for the purpose of establishing the boundary lines of said road or way, and making needed alterations in the location, grade, course and width thereof." The prayer of the petition was that the selectmen "proceed to relocate and lay out . . . and to establish the boundary lines of said way and to fix the grades thereof." In their order on the petition, made in 1905, the selectmen described it as a petition "for the relocation or alteration of the" way, and stated that they had "altered" the way "so that the course thereof as altered, shall follow" a certain course, "which location as now altered is as follows," describing it and giving the lines of a location of the way as laid out by the selectmen of the town in 1787. *Held*, that the action sought by the petition and taken by the order of the selectmen was intended to be, not an alteration of the way under R. L. c. 48, § 65, but a relocation, which the selectmen had no power to order, the town not having accepted §§ 58–61 of that chapter.

Bill in equity, filed in the Superior Court for the county of Worcester, August 29, 1905, seeking to prevent the establishment or construction of a way, which, the bill alleged, the defendants undertook to relocate or lay out.

There was a hearing before *Stevens*, J., on facts which were agreed to, and he dismissed the bill. The plaintiff appealed. The facts are stated in the opinion.

The case was submitted on briefs.

*H. Parker, C. C. Milton & F. L. Riley,* for the plaintiff.

*E. H. Vaughan, F. J. Libby & J. Clark, Jr.,* for the defendants.

Knowlton, C. J.   The plaintiff by this bill seeks to obtain an injunction against the selectmen of Douglas, to prevent the establishment or construction of an alleged way which, by their act, afterwards accepted by a vote of the town, they undertook to relocate or lay out.

The record and the briefs upon which the case was argued leave us in doubt as to some of the facts that may affect the

merits of the case.   It is agreed that the land included within the alleged way is the same over which a town way was laid out by the selectmen of Douglas in 1787, as appears by the records of the town in book 12, page 76.   It is also agreed that in the same year the town of Douglas became the owner of this land by a deed from one Hill.   These facts tend to show that the plaintiff has no standing here upon her application for an injunction.   It is also agreed that on April 30, 1902, the county commissioners, upon a petition, relocated this way.   There is nothing to show the lines of their location except a stone monument erected by them in one of the side lines, which appears to be about a foot from the line that the defendants laid down in their order of relocation.   The authorities did not take possession of the land for the purpose of constructing or altering the way within two years after the right to take possession under the order of the county commissioners accrued, and it seems to be assumed by the parties that the R. L. c. 48, § 92, which renders the original location void as against the landowner when possession is not taken within two years, is applicable to the case of a mere relocation of a previously existing way.   Whether this assumption is correct is a question not raised or argued by either party, and we need not consider it.   The averment in the bill that the plaintiff is the owner of lands over which the defendants assumed to lay out and establish a way by relocation and alteration is admitted in the answer, and both parties have treated the case as turning on the validity or invalidity of the action of the defendants and the town upon the petition for a relocation. Indeed, the defendants say in their brief: " The case presents one legal question, Was Cummings Court lawfully altered or relocated in 1905? "   We shall, therefore, confine ourselves to a consideration of this question, assuming that there are facts undisclosed which make the answer to it decisive of the case.

It is plain that a relocation of the way under the R. L. c. 48, § 12, is a different proceeding in law from an alteration of a way under § 1 or § 65 of the same chapter, although a relocation may sometimes include an alteration in the course or width of the way, and an alteration under § 1 or § 65 may sometimes involve, at least in part, a kind of relocation.   In *Worcester* v. *County Commissioners*, 167 Mass. 565, 568, it is said by Chief

Justice Field, in his dissenting opinion, that "Town ways can be located anew only by county commissioners. Selectmen can only lay out or alter town ways and private ways and make specific repairs on such ways." This is in accordance with the statutes. R. L. c. 48, §§ 12, 65. The jurisdiction of selectmen to relocate highways under the R. L. c. 48, § 58, exists only in those towns which have accepted §§ 58–61 of this chapter. The town of Douglas had not accepted these sections.

To determine the nature of the proceedings in this case we look first at the petition, upon which alone the jurisdiction of the defendants was founded. Its first averment is that " Common convenience and necessity require the relocation of a certain way or road in said town," which is followed by a description of the road. Then follow the words, " for the purpose of establishing the boundary lines of said road or way, and making needed alterations in the location, grade, course and width thereof." This states the purpose of the relocation in substantially the language of the statute giving jurisdiction to relocate ways. R. L. c. 48, § 12. It plainly indicates a purpose to have the selectmen take such proceedings as may be taken by county commissioners under that section, and as may be taken by selectmen in regard to highways if §§ 58–61 have been accepted by the town. The prayer of the petition is that the selectmen " proceed to relocate and lay out said way, and to establish the boundary lines of said way, and to fix the grades thereof." This again looks to relocation and establishing the boundary lines as the substance of that which is to be done.

We are of opinion that this petition on its face purported to call for a statutory relocation of the way, and not for a statutory alteration of the way, and that the selectmen had no jurisdiction to grant it, or to take action of a different kind under it.

If we look at the final order of the selectmen upon the petition, we find that they describe it as a petition " for the relocation or alteration of the town way known as Cummings Court." They then go on to say that they have altered the " way or court so that the course thereof as altered shall follow the original course of said way as laid out in 1787 and recorded in book 2, page 78 of the town records, which location as now altered is as follows." Then they give the easterly line and the westerly line, each of

which follows the line of the old location.    Although they used the word " alter," the only thing which they did in regard to the way, as disclosed by their record, was to relocate and establish the boundaries of the way according to its original location.    If this was in fact an alteration of the way in any part, there is nothing in their record to indicate it, except the use of the words alter and alteration.    It would seem to be merely an establishing of the boundaries of the way, in accordance with the lines of the original location.    They make no reference to the previous relocation by the county commissioners, one line of which, at one point, appears by the plan to be about a foot from the line established by the defendants.    They say that they award no damages, because the land over which the way passes was originally acquired by the town by purchase.    There is nothing in the record to indicate that what they did was, or was intended to be, in substance, such an alteration as is contemplated by the R. L. c. 48, § 65, or anything more than a relocation for the purpose of establishing the boundary lines. . We are therefore of opinion that their action was unauthorized by the statute, and it becomes unnecessary to consider whether the subsequent town meeting was legally warned.    There is nothing in *Bennett* v. *Wellesley*, 189 Mass. 308, in conflict with this view.

We are of opinion that an injunction should be issued against the defendants, to prevent them from entering upon the plaintiff's property for the purpose of establishing or constructing the way under the order of August 12, 1905, and the subsequent vote of the town accepting the act of relocation.

*So ordered.*