## PATRICK F. GALLAHUE *vs*. HAROLD L. NILES.

Norfolk.   October 4, 1933. — December 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Contract*, Parties, Construction, Performance and breach.  *Tax*, Betterment.

In an action of contract upon an agreement in writing, the following facts appeared: The owner of certain real estate having agreed to sell it and it being called to his attention at the time the sale was to be consummated that the collector of taxes had reported that a betterment would be assessed by reason of a street widening then in process and he desiring an opportunity to contest the validity of the assessment, the defendant, who was not the owner, agreed in writing with the purchaser that, in consideration of the purchaser at his, the defendant's, request accepting a deed of the land without requiring payment or discharge of the lien created by the assessment, he would "adjust and pay, or cause to be discharged, . . . [such] lien . . . within a reasonable time."  The owner at the purchaser's request then conveyed the property to a nominee of the purchaser who, at the purchaser's direction, before the completion of the work on the street, conveyed it to the plaintiff subject to any betterment assessment, and the original purchaser thereafter assigned to the plaintiff his rights under the defendant's agreement. Over four months later the work in the street was completed and the betterment was assessed, to be paid in ten annual instalments. After the plaintiff had paid three instalments and the expenses of a tax sale caused by a failure to pay an instalment, the plaintiff demanded that the defendant perform his agreement and, he refusing, brought the action.  It did not appear that the validity of the assessment had been contested, or that the defendant had paid any part of it.  There was a finding for the plaintiff.  *Held*, that

(1) The fact that the defendant was not a party to the transaction between the original purchaser and the original owner was immaterial so far as the rights of the plaintiff to enforce the obligations of the defendant under the agreement were concerned;

(2) It was not open to the defendant to attack the validity of the assessment collaterally;

(3) The finding for the plaintiff was warranted.

CONTRACT.   Writ in the District Court of Northern Norfolk dated September 30, 1931.

In the District Court, the action was heard by *Lynch*, J.

Material facts shown by the record are stated in the opinion. The judge found for the plaintiff in the sum of $860.70 and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*S. T. Lakson*, for the defendant.

*N. Golden*, for the plaintiff.

CROSBY, J.   This is an action of contract to recover on a written instrument and assignment thereof the amount of a betterment assessment levied on certain real estate.

On December 14, 1926, Louville V. Niles entered into an agreement with Max E. Wyzanski and Charles E. Wyzanski whereby Niles agreed to sell and the Wyzanskis agreed to purchase certain real estate in Boston, title to pass February 1, 1927.   At the time the sale was to be consummated Wyzanski brought to Niles's attention a report of the city collector that a street betterment assessment, estimated at $645, would be levied against the estate by reason of the widening and improvement of Dock Square.   Niles desired an opportunity of contesting the validity of the assessment, and at the time of passing papers on February 1, 1927, the defendant delivered to the Wyzanskis the following instrument: *"Re* your agreement with Louville V. Niles dated December 14, 1926, whereby said Niles agreed to convey to you, or to such person as you may designate, estate numbered and assessed as 27–29 on Fulton Street, Boston, Mass. free from all incumbrances except as set forth in said agreement, etc., in consideration of the acceptance by you of a deed of said estate without requiring payment or discharge of the lien created by the betterment assessment of the City of Boston estimated to be of the value or amount of Six hundred forty-five dollars, so as to afford said Louville V. Niles an opportunity to adjust said assessment, which you have this day done at my request, I hereby agree to adjust and pay, or cause to be discharged, the lien created by said assessment within a reasonable time.   Yours very truly, HAROLD L. NILES."

At the request of Wyzanski, Louville V. Niles deeded the estate to William J. Stober who held the title for the

Wyzanskis, and by deed dated March 21, 1927, and recorded March 25, 1927, Stober conveyed the estate to the plaintiff subject to any assessment for street betterments. The conveyance of Stober to the plaintiff was made at the request of Wyzanski who sold the estate to the plaintiff, and who at the time of passing papers delivered to the plaintiff the agreement dated February 1, 1927, signed by the defendant, and later delivered to the plaintiff on March 21, 1927, an assignment of the agreement delivered by the defendant to the Wyzanskis.

By deed dated September 8, 1927, the plaintiff conveyed the estate to one Wattendorf subject to any betterment assessment. A deed dated September 8, 1927, from Wattendorf to the plaintiff was introduced in evidence. The plaintiff testified that he was the owner of the property and that Wattendorf never had any real interest therein. Evidence was introduced showing that an order for the widening of Dock Square was made September 15, 1925, and that the work was completed August 6, 1927; that the street commissioners found the benefit to this estate as a result of the widening to be $645 on which date said amount was assessed against the property, to be payable January 31, 1928; that thereafter the city apportioned the assessment into ten annual payments of $64.50 each. The plaintiff paid three of these instalments and interest for the years 1928, 1929, and 1930, making a total of $344.12. The instalment for 1929 included $27.27, being the expense of a tax sale in July, 1931, by reason of the failure to pay the 1929 instalment. In August, 1930, the plaintiff demanded that the defendant pay the betterment assessment but he failed to do so. The amount unpaid is $451.50 with interest from October 1, 1930.

At the trial the plaintiff and the defendant each made certain requests for rulings. The judge refused to rule as requested by the defendant and granted the plaintiff's requests. The case was reported to the Appellate Division which decided that there was no prejudicial error in the rulings and refusal to rule of the trial judge. From this decision the defendant appealed.

The fact that the defendant was not a party to the transaction between the Wyzanskis and· their grantor is immaterial so far as the rights of the plaintiff to enforce the obligations of the defendant under the agreement dated February 1, 1927, are concerned. The owner by the terms of the agreement desired an opportunity to contest the validity of the assessment. The record does not disclose that he ever availed himself of this opportunity. The defendant's contention that he is not bound by the agreement on the ground that the assessment was invalid is without merit as he cannot collaterally attack or impeach the validity of that assessment. The acts of the city officials who levied the assessment cannot be questioned in proceedings to which they are not parties. *Sudbury* v. *Heard,* 103 Mass. 543. *Elliott* v. *Willis,* 1 Allen, 461. *Fitchburg Railroad* v. *Grand Junction Railroad & Depot Co.* 1 Allen, 552. *Clark* v. *Easton,* 146 Mass. 43. *Murphy* v. *Needham,* 176 Mass. 422, 423. So far as appears no proceedings have ever been brought to determine the validity of the assessment. The defendant agreed with the Wyzanskis to pay it. The rights of ·the latter are vested in the plaintiff and there is no valid reason why the defendant should not be required to perform his agreement. No contention is made by the defendant that he has ever paid the assessment or any part of it. The trial judge correctly ruled in accordance with the plaintiff's requests. The defendant's requests need not be considered at length. It is sufficient to say that none of them properly could have been granted. The finding for the plaintiff in the sum of $860.70 fails to show any error of law.

*Order dismissing report affirmed.*