## LEO H. GRAHAM & others *vs.* BOARD OF PUBLIC WORKS OF PITTSFIELD.

Berkshire.   September 19, 1933. — March 26, 1934.

Present: RUGG. C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Tree. Way,* Public: public shade tree, "widening." *Municipal Corporations,* City charter, Officers and agents, Public shade tree. *Pittsfield. Equity Pleading and Practice,* Findings by judge. *Words,* "Widening the highway."

Where the reason for an order by the board of public works of a city that certain shade trees in a public way be cut down and removed was not stated in the record of the board with respect to such trees; and a judge, who heard a suit in equity subsequently commenced against the board to enjoin the cutting down and removal of the trees, upon appeal reported a finding that the trees did not obstruct, endanger, hinder nor incommode public travel and that one of the defendants had testified that the object of the board's order was to widen the travelled portion of the way, it was to be inferred that such was the board's true object, and the finding by the judge must stand.

The authority of the board of public works of the city of Pittsfield with respect to shade trees in public ways under § 28 of the city's revised charter, St. 1911, c. 732, is controlled by the provisions of St. 1915, c. 145, now found in G. L. (Ter. Ed.) c. 87.

The purpose of the board of public works of a city, in ordering that certain shade trees in a public way be cut down and removed in order to widen the pavement of the way five feet so as to afford "a parking place within the limits of the highway, lessening the interference with traffic," was not a "widening [of] the highway" within the meaning of those words in G. L. (Ter. Ed.) c. 87, § 5.

The words, "widening the highway," as used in G. L. (Ter. Ed.) c. 87, § 5, signify a change in the boundaries of the way and not a mere widening of the travelled portion of the way within its existing boundaries.

Where the board of public works of the city of Pittsfield, after holding a public hearing on the question of cutting down and removing certain shade trees in a public way, of which hearing due notice was given, and before and at which objections in writing were filed with the board, made an order that the trees be cut down and removed, which was not based on the ground that the trees obstructed, endangered, hindered or incommoded public travel and was not for the purpose of widening the way, such order did not become effective because it was not approved by the mayor of the city.

BILL IN EQUITY, filed in the Superior Court on March 25, 1932, and described in the opinion.

The suit was heard by *W. A. Burns,* J., by whose order a final decree in the plaintiffs' favor was entered. The defendants appealed. Material facts reported by the judge are stated in the opinion.

*F. M. McMahon,* City Solicitor, for the defendants.

*M. B. Warner,* for the plaintiffs.

RUGG, C.J. This is a suit to enjoin the board of public works of the city of Pittsfield from cutting down and removing four public shade trees standing within the limits of the highway in front of land of one of the plaintiffs on West Street in Pittsfield. A public hearing on the removal was held by the board, notices whereof were posted on the trees and in two public places more than seven days prior thereto. Written objections by several persons were filed with the board, both before and at the hearing. After the hearing the board ordered the trees to be cut down and removed. The reason for the order was not stated in the record of the board. The mayor of Pittsfield has not given his approval of this removal. A final decree after hearing was entered permanently enjoining the defendants from cutting down or removing the trees. The defendants appealed. Upon their request the material facts were reported by the trial judge. G. L. (Ter. Ed.) c. 214, § 23. The trial judge found "that the trees did not obstruct, endanger, hinder, or incommode persons traveling on the highway, nor do the trees endanger persons traveling on a highway." He also reported that the chairman of the board of public works testified that the object of the order of removal was the extension and a widening to the extent of five feet of the concrete section of the highway pavement on West Street between Merriam Street and Euclid Avenue "for the purpose of affording a parking place within the limits of the highway, lessening the interference with traffic." In the absence of any statement of purpose in the record of the board, it is to be inferred from this report that the true reason was that stated by the chairman of the board in his testimony. The inference is not permissible that the board deemed the trees to obstruct, en-

danger, hinder or incommode public travel. In the absence of any determination by the board on this point, the finding of the judge must stand. It is unnecessary to consider to what extent, if at all, a determination of the board could be revised. *Bay State Brick Co.* v. *Foster,* 115 Mass. 431, 437.

The charter of the city of Pittsfield was revised by St. 1911, c. 732, and its §§ 28–33 provide for the election, and set out the functions, of a board of public works for the city. Section 28 provides in part: "Said board shall have the direction, control, care and superintendence of the construction, alteration and repair of the highways, streets, sidewalks . . . and bridges of the city . . . they shall have all the authority given by general law to selectmen of towns relating to shade and ornamental trees in public streets and ways, unless such authority shall by ordinance be given to some other board or committee. Said board shall in general, except as otherwise herein provided, have exclusively the powers and be subject to the duties, liabilities and penalties which are or may by law be given to or imposed upon road commissioners of towns." The plaintiffs rightly contend that this authority of the board is controlled by the subsequent provisions of St. 1915, c. 145, now in G. L. (Ter. Ed.) c. 87. In *Whiting* v. *Board of Public Works of Holyoke,* 222 Mass. 22, it was held that this statute is applicable to a municipality not in terms excepted from its provisions. The powers of the board are enlarged by G. L. (Ter. Ed.) c. 87, § 5, by doing away with the requirement of a public hearing or approval by the mayor in those particular instances (1) where a tree which "endangers persons traveling on a highway" is to be trimmed, cut or removed, or (2) where the "removal of any tree . . . [is] ordered by the proper officers, for the purpose of widening the highway."

That section is not applicable to the facts of the case at bar. The judge found expressly that the trees did not endanger travel on the highway. Hence the case does not fall within the first part of the section. The testimony of the chairman of the board was in substance and effect that the purpose of the order was widening of the highway. It is

plain from that testimony as already quoted that the meaning of the witness was that the purpose of the board was the widening of the traveled part of the highway within its existing limits and not "widening the highway" in the sense in which those words are used in the second part of that section. The "widening of a highway" in that section, and commonly, signifies a change in its location, — that is to say, its boundaries, — effected by bringing more of the earth's surface within that location. *New England Railroad* v. *Railroad Commissioners*, 171 Mass. 135, 138. Such "widening" is often comprehended within the broader term "alteration." *Union Street Railway* v. *Mayor of New Bedford*, 253 Mass. 304, 314. It requires the exercise of eminent domain. It is different in nature from a construction of a wider traveled or paved surface within the limits of the highway as already laid out. Such an extension of construction, if of sufficient magnitude, is frequently and accurately described as the making of specific repairs. *L'Huilier* v. *Fitchburg*, 246 Mass. 349, 351, and cases cited. *Como* v. *Worcester*, 177 Mass. 543, 549. *Wood* v. *Concord*, 268 Mass. 185, 190. G. L. (Ter. Ed.) c. 82, §§ 2, 17, 21.

The board took no proceedings for the widening or alteration of the way. Its intention was not to take more land for highway purposes or to make a widening or alteration of the way. Its only aim was to make certain specific or general repairs upon land already appropriated to highway purposes, whereby a larger portion of its surface would be available for actual travel. *McManus* v. *Weston*, 164 Mass. 263, 266, 267.

In view of the design and purpose of the board to make available for public travel a larger portion of the land already within the boundaries of the way as previously laid out, the proper procedure for dealing with the trees was by holding a public hearing under G. L. (Ter. Ed.) c. 87, §§ 3 and 4. That procedure failed to become effective because not approved by the mayor.

*Decree affirmed.*