ADRIENNE D. L'HOMME *vs.* TOWN OF WINCHENDON.

Worcester.     September 24, 1934. — November 2, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Way,* Public: alteration, discontinuance, defect.  *County Commissioners.*

The requirement of G. L. (Ter. Ed.) c. 82, § 5, that action by county commissioners in granting a petition for laying out, specifically repairing or altering a highway shall be within six months after the view or hearing provided for by § 4 if no person interested in the petition objects at the view or hearing, is procedural only and not jurisdictional.

One not interested in proceedings of the character above described cannot attack the validity of a decree made by the commissioners, even if it is made more than six months after such hearing or view.

A traveller, who sustained personal injuries by reason of a defect in a portion of a highway which was discontinued by a decree of county commissioners made upon such a petition more than six months after the hearing or view, and who was not a party interested in such proceedings, had no right, in an action of tort for such personal injuries, to contend that such decree was void and that therefore the portion of the way where he was injured had not been discontinued.

TORT.  Writ dated January 9, 1930.

In the Superior Court, the action was heard by *W. A. Burns,* J., without a jury.  Material evidence is described in the opinion.  The judge ruled that the decree of the county commissioners described in the opinion was legal and valid and could not be impeached collaterally, and found for the defendant.  The plaintiff alleged exceptions.

*W. C. Mellish,* for the plaintiff.

*R. B. Dodge,* (*A. T. Saunders & A. F. Evans* with him,) for the defendant.

LUMMUS, J. This is an action under G. L. c. 84, § 15, to recover for bodily injury sustained in Winchendon on July 3, 1929, when the automobile in which the plaintiff was a guest overturned in a ditch twenty-two feet wide and six feet deep, extending across a highway. For the meaning of the word "highway," see *Boston & Albany Railroad* v. *Boston,* 140 Mass. 87; *Wood* v. *Concord,* 268 Mass. 185. The trial judge found for the defendant, and the case comes here on the plaintiff's exceptions.

The ditch was dug by the town in 1926, across the highway at a place where it formed a bend or arc. We shall speak of that bend or arc as the old road, since by a decree of the county commissioners of Worcester, dated July 1, 1926, upon a petition for the laying out, relocation, alteration and specific repair of the highway, the highway was "laid out, relocated, altered and specifically repaired" by laying out a new road along the chord of that arc, taking the necessary land therefor, and expressly discontinuing all "existing lines of the present highway not included in this layout." The new road was built accordingly, long before July 3, 1929. Technically the action taken was doubtless an alteration, and the other expressions were used in order to avoid any question of jurisdiction to do what might seem advisable. *Bigelow* v. *City Council of Worcester,* 169 Mass. 390, 393, and cases cited. *Commonwealth* v. *Boston & Albany Railroad,* 150 Mass. 174. *Cambridge* v. *County Commissioners,* 167 Mass. 137, 143. *Bennett* v. *Wellesley,* 189 Mass. 308. *Holbrook* v. *Selectmen of Douglas,* 200 Mass. 94. *Main* v. *County Commissioners,* 212 Mass. 182. *New York Central & Hudson River Railroad* v. *County Commissioners,* 220 Mass. 569, 574. *Graham* v. *Board of Public Works,* 285 Mass. 544, 547.

The plaintiff contends that the decree was invalid, and that consequently the old road remained the highway which the defendant was bound to keep in repair. Her attack upon the validity of the decree is based on G. L. c. 82, § 5.

That section provides in substance as to a petition of the sort in question, that if no person interested objects at the view or hearing provided for by § 4, the county commissioners may, within six months thereafter, act favorably upon such petition without further notice or hearing. It is conceded that the view and hearing were held on May 27, 1925, more than six months before the decree, and that no person interested objected. The sole question is, whether the ruling, that the old road had ceased to be part of the highway, was right.

Apart from the Commonwealth and the municipal corporations concerned, the only persons interested in such proceedings are the owners or occupiers of land to be taken (*Commonwealth* v. *Cambridge*, 7 Mass. 158, 161), and possibly such owners or occupiers of land to be specially and peculiarly injured as may have a right to damages. See *Chandler* v. *Railroad Commissioners*, 141 Mass. 208, 213; *Davis* v. *County Commissioners*, 153 Mass. 218; *Bigelow* v. *City Council of Worcester*, 169 Mass. 390, 392; *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351; *Munn* v. *Boston*, 183 Mass. 421; *Hyde* v. *Fall River*, 189 Mass. 439. Other persons may be heard by the county commissioners in their discretion (*Chandler* v. *Railroad Commissioners*, 141 Mass. 208, 213; *Mayor & Aldermen of Springfield, petitioners*, 234 Mass. 578, 583), but they are not persons interested, and cannot cause the decree to be reviewed by certiorari. *Davis* v. *County Commissioners*, 153 Mass. 218. *Hammond* v. *County Commissioners*, 154 Mass. 509.

The provision in G. L. c. 82, § 5, limiting action to six months where no person interested has objected, originated in Gen. Sts. (1860) c. 43, § 8, and is intended to prevent the indefinite slumber of proceedings which may affect the title or the improvement of private property. It is of the same class as the provision of the same section requiring further hearing if any person interested has objected, which originated in G. L. c. 82, § 5, though in substance it declares the earlier law. Rev. Sts. (1836) c. 24, § 6. *Rutland* v. *County Commissioners*, 20 Pick. 71, 80. *New Marlborough* v. *County Commissioners*, 9 Met. 423. Each is a mere pro-

cedural requirement, not a jurisdictional one. *Rutland* v. *County Commissioners,* 20 Pick. 71, 80. *Brewer* v. *Boston, Clinton & Fitchburg Railroad,* 113 Mass. 52, 57. *Hyde Park* v. *Wiggin,* 157 Mass. 94, 96. Failure to act within the statutory period could not be questioned by a collateral attack upon the decree, based on the theory that it is void, even at the instance of a party interested. *Rutland* v. *County Commissioners,* 20 Pick. 71, 80. *Gilkey* v. *Watertown,* 141 Mass. 317, 319. *Stowell* v. *Board of Public Works,* 184 Mass. 416, 418. *Smith* v. *Boston,* 194 Mass. 31. *Selectmen of Holliston* v. *New York Central & Hudson River Railroad,* 195 Mass. 299, 302. *Whitten* v. *Haverhill,* 204 Mass. 95, 102. *Spare* v. *Springfield,* 231 Mass. 267, 270. *Gallahue* v. *Niles,* 284 Mass. 602. A stranger to the proceedings, like the plaintiff, has no concern with the limitation of time, and cannot raise the point in any form of proceeding. See *Commonwealth* v. *Boston & Lowell Railroad,* 12 Cush. 254, 255; *Blake* v. *County Commissioners,* 114 Mass. 583, 587. In *Bliss* v. *Deerfield,* 13 Pick. 102, where the validity of the layout of a highway was questioned in an action of tort for injury to a traveller caused by a defect in the highway, the point went to the jurisdiction of the commissioners.

That the defendant is liable because it failed to erect barriers against the use of the old road, which presumably had reverted to private control, is not argued. *Coakley* v. *Boston & Maine Railroad,* 159 Mass. 32, 35. *Nicodemo* v. *Southborough,* 173 Mass. 455.

*Exceptions overruled.*