CITY OF MEDFORD *vs.* METROPOLITAN DISTRICT COMMISSION.

CITY OF MALDEN *vs.* SAME.

Middlesex. February 8, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Way*, Public: boulevard, shade tree. *Tree. Metropolitan District Commission. Municipal Corporations*, Shade tree. *Nuisance. Equity Pleading and Practice*, Bill.

The removal of trees on a boulevard laid out under G. L. (Ter. Ed.) c. 92, §§ 35–37, is within the control of the metropolitan district commission and not of cities or towns through which it passes.

A demurrer for want of equity properly was sustained to a bill in equity by a city against the metropolitan district commission seeking to enjoin the defendants from cutting down shade trees on a boulevard laid out under G. L. (Ter. Ed.) c. 92, §§ 35–37, where the averments were merely that the removal constituted a public nuisance, that the work was being conducted in such a manner as to make the plaintiff liable to travellers, and that the trees were the property of the city, with naked statements of arbitrary and irrational conduct and bad faith.

TWO BILLS IN EQUITY, filed in the Superior Court on December 13 and December 14, 1938.

The case was reported by *M. Morton*, J.

*G. E. Constantino*, City Solicitor, & *M. E. Gallagher, Jr.*, Assistant City Solicitor, for the city of Medford, submitted a brief.

*B. Kaplan*, for the city of Malden.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondents, submitted a brief.

LUMMUS, J.   The defendants, constituting the metropolitan district commission, have the care of a boulevard laid out under G. L. (Ter. Ed.) c. 92, §§ 35–37, called the Fellsway, which runs through the plaintiff cities.   The bills allege that the defendants are cutting down shade trees in the boulevard, and pray for an injunction restraining further cutting.   Demurrers for want of equity were sustained, and the cases were reported.

A boulevard, unlike a roadway in a "reservation" under G. L. (Ter. Ed.) c. 92, § 33, is a public way.   *Burke* v. *Metropolitan District Commission*, 262 Mass. 70, 72, 73.   It is not a State highway (G. L. [Ter. Ed.] c. 81, §§ 4–22), the removal of shade trees from which is entrusted to the department of public works.   G. L. (Ter. Ed.) c. 81, § 21; c. 87, §§ 2, 8.   Trees on a boulevard are, however, public shade trees within G. L. (Ter. Ed.) c. 87, § 1, for the boulevard is a public way.   Public shade trees, that is, trees within a public way (other than a State highway) or on its boundaries, may generally be removed only by the tree warden, and not by him without a public hearing, and not by him without approval by the selectmen or mayor if written objection has been made.   G. L. (Ter. Ed.) c. 87, §§ 3, 4, 5.   *Graham* v. *Board of Public Works of Pittsfield*, 285 Mass. 544.   In cities other officers may be charged with the duties of tree wardens.   § 13.

No statute expressly gives powers over trees on boulevards, as a statute does over trees on State highways.   The plaintiffs contend that tree wardens and other town and city officers may exercise their statutory powers over boulevards, as over ordinary highways and town ways.   But reading G. L. (Ter. Ed.) c. 92, §§ 35, 33 together, it is clear that the preservation and care of boulevards is committed to the metropolitan district commission, to the exclusion

of cities and towns. By § 35 the commission shall "have such rights and powers in regard to . . . [boulevards] as, in general, counties, cities and towns have over public ways under their control." It is true that local officers, rather than cities and towns as such, have control of public shade trees. *Donohue* v. *Newburyport,* 211 Mass. 561, 565, 566. *Valvoline Oil Co.* v. *Winthrop,* 235 Mass. 515. But we are inclined to think that, after the care of a boulevard has been vested in the commission, it was not the legislative intention that the removal of trees should be within the control of city or town officers. We think that the removal of trees on a boulevard is within the control of the commission, and that the provisions of G. L. (Ter. Ed.) c. 87, do not apply.

The particular allegations in the bills do not show a right to relief in equity at the suit of these plaintiffs. If, as is alleged, the removal of the trees constituted a public nuisance, the proper plaintiff is the attorney general. *Mayor of Cambridge* v. *Dean,* 300 Mass. 174. The allegation that the work is being conducted in such a manner as to make the city liable to travellers (*Needham* v. *New York & New England Railroad,* 152 Mass. 61), is not well founded in law, for by G. L. (Ter. Ed.) c. 92, § 36, the Commonwealth, not the city or town, is liable for injuries to travellers through defects in boulevards. If the improbable allegation that the trees are the property of the city (G. L. [Ter. Ed.] c. 87, § 1; *Chase* v. *Lowell,* 149 Mass. 85; *Whiting* v. *Board of Public Works of Holyoke,* 222 Mass. 22; *Cody* v. *North Adams,* 265 Mass. 65) is in fact true, it does not appear that the defendants have not the right to remove them. The naked allegation of arbitrary and irrational conduct and bad faith is insufficient. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 27. In each case the entry will be

*Decree sustaining demurrer affirmed.*
*Bill dismissed.*