CITY OF WORCESTER *vs.* COUNTY COMMISSIONERS OF WORCESTER.

Worcester.    October 1, 1896. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Certiorari — Power of County Commissioners to revise Refusal of City Council to lay out Public Way.*

Section 20 of St. 1893, c. 444, entitled "An Act to revise the charter of the city of Worcester," does not confer upon the county commissioners a power to revise the refusal or neglect of the city council to lay out a public way. FIELD, C. J., ALLEN & BARKER, JJ., dissenting.

PETITION, filed September 15, 1896, for a writ of certiorari, to quash the proceedings of the county commissioners of the county of Worcester in undertaking to revise a refusal or neglect of the city council of the city of Worcester to lay out a public way. The respondents filed an answer in the nature of a demurrer, which averred that the allegations of fact contained in the petition were true, and that they had jurisdiction of the parties and the subject matter therein referred to, and that their action in the premises was warranted by law.

*Field*, C. J. reserved the case, at the request of the parties, for the consideration of the full court.

The case was argued at the bar in October, 1896, and afterwards was submitted on briefs to all the judges.

*F. P. Goulding*, (*W. Thayer* with him,) for the respondents.

*W. S. B. Hopkins*, for the petitioner.

HOLMES, J. The question is whether the county commissioners had jurisdiction, and the answer depends on the construction of § 20 of the city charter, St. 1893, c. 444, entitled "An Act to revise the charter of the city of Worcester."

The section is as follows: "The city council shall, subject always to the approval of the mayor, have exclusive authority and power to order the laying out, locating anew, and discontinuing of, and the making of specific repairs in, all streets and ways, and all highways within the limits of the city; to assess the damages sustained thereby by any person, and, except as herein otherwise provided, to act in matters relating to such laying out, locating anew, altering, discontinuing, or repairing, but in all such matters action shall first be taken by the board of aldermen. Any person aggrieved by the action of the city council hereunder shall have all the rights and privileges now by law in similar cases allowed in appeals from decisions of selectmen."

More narrowly stated, the question is whether the persons who petitioned the city council to lay out the highway were authorized by the last words of the section to apply to the county commissioners. It will be observed that the authority given to the city council extends to "all streets and ways, and all highways within the limits of the city," and that it is declared in terms to be exclusive. The qualification, if any, extends only to the rights and privileges allowed "in similar cases" in appeals from decisions of selectmen. The common cases of such appeals are where a party is dissatisfied with his damages for the laying out, alteration, or discontinuance of a town way, and wants a jury. But it is true that the county commissioners also are given power to cause a town way to be laid out or altered, on the petition of a person aggrieved, if the selectmen unreasonably refuse or neglect to do so, (Pub. Sts. c. 49, § 73,) and it is urged that in a similar case of refusal or neglect by the city council the last words of § 20 apply.

If the words do apply to such a case, they lead to a strange result. They do not apply to a decision or to a refusal of the city council to lay out, alter, lay out anew, or discontinue a highway, or to a decision to lay out, alter, locate anew, or discontinue a town way, or to a refusal to locate it anew, or to discontinue it, and yet apply to the comparatively rare and unimportant case of an unreasonable refusal or neglect to lay out or alter it. It may be said, to be sure, that the same distinction was made deliberately with regard to the dealing of selectmen with town ways. Pub. Sts. c. 49, § 72. But the city council has power over highways as well as town ways, and it seems singularly contrary to reason that its refusal or neglect to lay out a town way — a matter of merely local concern — should be subject to revision when the refusal to lay out a highway is not so. Moreover, the original distinction as to selectmen probably indicates that, although the words "unreasonably refuse or neglect" in practice often are treated as meaning no more than "refuse," and as warranting what is in substance an appeal in all cases, they were not used with that intent, but were meant to give the county commissioners power only where the selectmen failed to do their duty. From this point of view, the application of a person aggrieved to the county commissioners in such a case is not properly an appeal from a decision of the selectmen, within the meaning of the section to be construed. Not only is it not an appeal, but in the case of a mere neglect there is no "decision" to be appealed from. Furthermore, the rights given are given only to a person aggrieved by the "action" of the city council, a word ill fitted to designate a revisory power which exists only in case of a failure to act.

We do not regard the foregoing argument as conclusive. We agree that the last words of § 20 could be taken in a looser sense. Arguments from the supposed policy of the Legislature, as exhibited in a series of charters, are even more doubtful. Nevertheless the construction which we adopt seems to a majority of the court to reach the plan and policy indicated by the charter, and certainly is in accord with the intent more definitely expressed in another charter granted less than a month, and in yet another granted three days before. St. 1893, c. 361, § 24. St. 1893, c. 429, § 23.          *Demurrer overruled.*

FIELD, C. J.  I am unable to agree with the opinion of a majority of the court.  But for the last clause of St. 1893, c. 444, § 20, the county commissioners undoubtedly would have no authority to lay out the way in question, or to cause it to be laid out, because the city council has exclusive authority to order the laying out of all streets, ways, and highways within the limits of the city.  The last clause of the section gives to any person aggrieved by the action of the city council under the section "all the rights and privileges now by law in similar cases allowed in appeals from decisions of selectmen."

By Pub. Sts. c. 49, § 65, " The selectmen or road commissioners of the several towns may lay out or alter town ways for the use of their respective towns, and private ways for the use of one or more of the inhabitants thereof ; or may order specific repairs to be made upon such ways."  By § 73, "If the selectmen or road commissioners unreasonably refuse or neglect to lay out or alter a town way or private way, when requested in writing by one or more of the inhabitants of a town, the county commissioners, on the petition in writing of a person aggrieved presented at a regular meeting within one year, may cause such way to be laid out or altered, and may ascertain the place and course of the way, and estimate the damages sustained by any person by reason thereof," etc.

Under the Public Statutes highways are laid out, altered, located anew, and discontinued only by county commissioners, and town ways can be located anew only by county commissioners ; selectmen can only lay out or alter town ways and private ways, and make specific repairs on such ways.  When a highway is laid out by the county commissioners, the commissioners estimate the damages sustained by any person in his property, and any person aggrieved by their estimate may make application to the commissioners or to the Superior Court for a jury to assess the damages.  When selectmen lay out or alter town ways or private ways, or order specific repairs on such ways, they award the damages in the manner provided for the award of damages by county commissioners in laying out highways, and any person aggrieved by such award of damages may make application to the county commissioners or to the Superior Court for a jury to assess the damages.  When

the county commissioners cause a town way to be laid out, on the ground that the selectmen or road commissioners have unreasonably refused or neglected to lay it out, the county commissioners estimate the damages, and any person aggrieved may make application for a jury to the county commissioners or to the Superior Court. This has been for many years the system of laying out ways throughout the Commonwealth, except in cities.

Boston was the first city incorporated, but its situation with reference to Suffolk County may be thought to be peculiar. For many years its mayor and aldermen had the powers of the county commissioners of other counties with reference to ways in the city. St. 1821, c. 109, § 11. St. 1821, c. 110, § 13. St. 1827, c. 77, § 2. St. 1854, c. 448, § 33.

Salem was the next city incorporated, and section 12 of c. 42, St. 1836, its original charter, is as follows: " The city council shall have exclusive authority and power to lay out any new street or town way, or widen or otherwise alter or discontinue any street or town way in said city, and to estimate the damages any individual may sustain thereby; and all questions relating to the subject of laying out, widening, altering, or discontinuing any street shall be first acted upon by the mayor and aldermen. And any person aggrieved by the decision or judgment of said city council may, so far as relates to damages, make complaint to the next meeting of county commissioners, in the county of Essex, who are hereby empowered to hear and determine the same by a jury, or by a committee, if the parties agree, in the manner authorized by ' An Act to establish county commissioners, and to repeal the several acts establishing the court of sessions and in addition thereto, and the act establishing commissioners of highways,' where a party claims greater damages than are awarded by said commissioners."

Lowell was the next city, and the provisions for laying out streets are found in St. 1836, c. 128, § 9.

The earliest provisions I have seen closely resembling those in the case at bar are found in the charter of the city of Cambridge, St. 1846, c. 109, the eighteenth section of which is as follows: " The city council shall have exclusive authority and power to lay out new streets or ways within said city, and to estimate the damage which any person shall sustain thereby;

but all petitions and questions relating to laying out, widening, altering, or discontinuing any street or way shall be first acted on by the mayor and aldermen. Any person, aggrieved by the decision or judgment of the mayor and aldermen, or of the city council, in relation to laying out, widening, altering, or discontinuing any street or way, or in the estimate of damages, may, within six months thereafter, make complaint to the county commissioners in the county of Middlesex; upon which complaint the same proceedings shall be had as are provided in the twenty-fourth chapter of the Revised Statutes, in cases where persons are aggrieved by the decision or judgment of selectmen of towns." If the selectmen unreasonably refused or neglected to lay out or alter a town way or private way, a person aggrieved could, under Rev. Sts. c. 24, § 71, apply to the commissioners by petition in writing, who could cause the way to be laid out. See also charter of New Bedford, St. 1847, c. 60, § 12; Charter of Worcester, St. 1848, c. 32, § 12.

The city solicitor of Worcester in his brief has collected many of the more recent charters, where language somewhat similar to that of St. 1893, c. 444, § 20, has been used. Brockton, St. 1885, c. 243, § 2. Lawrence, St. 1888, c. 439, § 22. Woburn, St. 1888, c. 374, § 16. Pittsfield, St. 1889, c. 411, § 19. Marlborough, St. 1890, c. 320, § 19. Chicopee, St. 1890, c. 189, § 20. Medford, St. 1892, c. 324, § 22. Everett, St. 1892, c. 355, § 23. Lynn, St. 1893, c. 378, § 22. Beverly, St. 1894, c. 161, § 21. Pittsfield, St. 1895, c. 302, § 19. Lynn, St. 1849, c. 89, § 12. Lynn, St. 1850, c. 184, § 13. Cambridge, St. 1851, c. 99, § 7. Newburyport, St. 1851, c. 296, § 14. Lawrence, St. 1853, c. 70, § 14. Cambridge, St. 1853, c. 155, § 7. Fall River, St. 1869, c. 245, § 45. Fitchburg, St. 1872, c. 81, § 23. Newton, St. 1873, c. 326, § 24. Holyoke, St. 1873, c. 154, § 21. Fall River, St. 1873, c. 245, § 45. Gloucester, St. 1873, c. 246, § 24. Pittsfield, St. 1875, c. 166, § 24. Fall River, St. 1876, c. 211, § 31. Fall River, St. 1878, c. 239, § 30. Quincy, St. 1888, c. 347, § 15. Cambridge, St. 1891, c. 364, § 16. Lowell, St. 1893, c. 429, § 23. Fall River, St. 1885, c. 269, § 19. Northampton, St. 1883, c. 250, § 34. Chelsea, St. 1881, c. 200, § 18. Malden, St. 1881, c. 169, § 27. Waltham, St. 1893, c. 361, § 24. Waltham, St. 1884, c. 309, § 15. Lowell, St. 1892, c. 323, § 23. Lowell, St. 1875, c. 173,

§ 25.  In a few of the charters the right of appeal is either expressly limited to the estimate of damages, or it is expressly provided that " there shall be no appeal from a decision not to lay out a way."    Sts., Malden, 1881, c. 169, § 27 ;  Chelsea, 1881, c. 200, § 18 ;  Northampton, 1883, c. 250, § 34 ;  Waltham, 1884, c. 309, § 15 ;  Fall River, 1885, c. 269, § 19 ;  Waltham, 1893, c. 361, § 24 ;  Lowell, 1893, c. 429, § 23.    In these charters the power granted to the city council or to the board of aldermen with reference to ways is variously described; sometimes it is a power to lay out, etc., " all streets, ways, and all highways," sometimes " streets and ways," sometimes " any highway, street, or town way," and in some of the charters the power is not in terms exclusive.    Whether these expressions require a different construction to be given to these various provisions of the charters need not now be considered.

To show how little uniformity there is in the respect mentioned, the different provisions may be cited which are found in St. 1893, c. 361, § 24, in St. 1893, c. 429, § 23, and in St. 1893, c. 444, § 20, statutes passed by the same Legislature within a few weeks of one another.

It thus appears that the Legislature has had before it since 1836 the example of the original charter of the city of Salem, and since 1846 the example of the original charter of the city of Cambridge ; that usually, in granting charters, it has used language resembling that found in the charter of the city of Cambridge, and only in a few instances has it followed that of the charter of the city of Salem.    These different provisions, literally construed, do not mean the same thing, and the fact that in some of the charters the right of appeal has been expressly limited to an appeal from the estimate of damages tends to show that the Legislature did not mean that the different provisions should receive the same interpretation.    Applications to the county commissioners to revise the damages awarded by selectmen are in the nature of appeals from the decisions of the selectmen, although not in the form of appeals, and so are the applications to the county commissioners to revise the decision of the selectmen when they unreasonably refuse to lay out a town way.    If the selectmen do not refuse, but only unreasonably neglect to lay out a town way, it is suggested that this

neglect is not a decision, but it is put by the statutes in the same category as a refusal, and it is in effect a refusal. If Worcester had been a town instead of a city, and its selectmen had unreasonably refused or neglected to lay out the way described in the petition, application could have been made to the county commissioners to cause it to be laid out, as the way would be considered a town way. Whether the twentieth section of the charter must not be held to give the same right of appeal from the action of the city council in matters relating to highways as in those relating to town ways, it is not necessary to determine in this case.

The charters of cities do not repeal the general laws applicable to those cities unless the provisions are repugnant, and I am unable to construe the provisions of St. 1893, c. 444, § 20, as including only appeals from the decisions of the city council on the estimate of damages, and not appeals from their decisions not to lay out a way.

Justices Allen and Barker concur in this opinion.