JAMES R. MURPHY & others *vs.* MAYOR OF BOSTON & others.

Suffolk.    December 9, 1914. — December 31, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Boston. Municipal Corporations,* Officers and agents.

A member of the board of appeal of the building department of the city of Boston is a "member of a board" within the meaning of those words as they are used in St. 1909, c. 486, § 14, and under the provisions of that section the mayor may remove any or all of the members of that board by filing with the city clerk a written statement setting forth in detail his specific reasons for such removal.

The power of the mayor of Boston under St. 1909, c. 486, § 14, to remove "any head of a department or member of a board (other than the election commissioners . . .)" is not limited to such officers or members of boards as are not public officers, nor to such as the mayor has power to appoint without confirmation by the city council or the certification of the civil service commission.

It is an adequate reason for the mayor of Boston to assign in removing from office under St. 1909, c. 486, § 14, members of the board of appeal of the building department of that city that such members by certain of their decisions acted contrary to sound public policy by failing to require in the construction of buildings suitable sanitary equipment and sufficient protection to life and property from danger by fire.

The board of appeal of the building department of the city of Boston are not judicial officers.

The fact that no provision is made for a review of the removal by the mayor of Boston, under St. 1909, c. 486, § 14, of the members of a board, is no ground for not giving full effect to such removal when the reason, assigned by the mayor in the written statement filed by him with the city clerk in accordance with the requirements of the statute, is adequate.

RUGG, C. J. This is a petition for a writ of mandamus brought to test the right of the petitioners to continue to hold office as members of the board of appeal connected with the building department of the city of Boston. It is conceded that the petitioners or some of them were members of that board. The point to be decided is whether they have been removed from office by the respondent, who is the mayor of Boston. The determination depends upon the interpretation of St. 1909, c. 486 (hereinafter called the charter) which amended the charter of the city of Boston in important particulars. It is enough to say, without examining its provisions in detail, that one of its main purposes was to vest the chief executive functions of the municipality in the mayor and to confine the activities of the city council to legislative matters, in this respect conforming to the recent trend of legislation respecting the government of cities by centralizing power and responsibility in the mayor. See *Galligan* v. *Leonard,* 204 Mass. 202.

Section 14 of the charter provides: "The mayor may remove any head of a department or member of a board (other than the election commissioners, who shall remain subject to the provisions of existing laws) by filing a written statement with the city clerk setting forth in detail the specific reasons for such removal, a copy of which shall be delivered or mailed to the person thus removed, who may make a reply in writing, which, if he desires, may be filed with the city clerk; but such reply shall not affect the action taken unless the mayor so determines. The provisions of this section shall not apply to the school committee or to any official by law appointed by the Governor." By virtue of the authority thus conferred the mayor undertook to remove the petitioners from office. So far as concerns form the removal was in accordance with the statute.

The offices held by the petitioners are included within the words of this section, interpreted in their ordinary and literal sense. The members of the board of appeal are members "of a board." "A board to be called the board of appeal" are the descriptive words employed in St. 1892, c. 419, § 12, by which the body was created, and in St. 1907, c. 550, § 6, and St. 1910, c. 631, § 1, by which it has been continued. The board of appeal is a part of the building department, one of the municipal depart-

ments of the city, the head of which belongs to the class of officers subject to removal by the mayor. The fact that § 14 of the charter excepts from its sweeping terms the election commissioners, the school committee and all officers appointed by the Governor, goes far toward demonstrating that no other board or officers were intended by the Legislature to be taken out of the operation of the power of removal by the mayor. The members of the board of appeal were removable by the mayor "for malfeasance, incapacity or neglect of duty" under St. 1892, c. 419, § 12, by which the board first was established. Although no express provision for their removal is found in St. 1907, c. 550, it would seem that they became subject to the power of removal by the mayor "for such cause as he shall deem sufficient and shall assign in his order for removal," as authorized in general terms by St. 1890, c. 418, § 1. Apparently there is no method for their summary removal if they are exempt from this section. Under these circumstances it would require strong implications from other provisions of the statutes to read into the law by inference alone a further exemption from the comprehensive power of removal by the mayor in favor of members of the board of appeal.

It is urged that they are public officers, not agents of the city, and hence not members of the executive department of the city. But public officers are not by reason of the character of service they render less liable to removal than purely administrative officers. Many statutes provide for and regulate the removal of public officers. It is argued also that § 9 of the charter is correlative to § 14 and that only such officers as the mayor may appoint without confirmation by the city council can be removed. There is, however, no such limitation expressed in the charter or discoverable by fair implication. It is unnecessary to decide whether the members of the board of appeal are "subject to confirmation" under St. 1910, c. 631, or to certification by the civil service commission under § 10 of the charter. In any event the power of removal is extensive enough to include them. There is nothing in the character of the service required of the board of appeal which prevents the words expressive of power of removal from having their normal meaning. They are not judicial officers. *Welch* v. *Swasey*, 193 Mass. 364, 377. Although they may perform some duties of a quasi judicial nature, so also do assessors and

doubtless others who are subject to removal. The provision that the building department and the board of appeal may not be abolished nor any of its powers or duties as established by law be taken away under § 5 of the charter does not imply that in other respects its members are not subject to the general terms of the charter. Indeed, mention of the building department and board of appeal in this section tends to support the contention that the omission in § 14 was intentional and not the result of oversight.

The reason assigned by the mayor in his order of removal is not such as to invalidate his action. In substance it was that the petitioners by certain decisions referred to had acted contrary to sound public policy by failing to require in the construction of buildings suitable sanitary equipment and sufficient protection to life and property from danger by fire. These reasons were adequate on their face. Although no provision is made for a review of the genuineness of these reasons, as in numerous other statutes, that is no ground for not giving full effect to the removal in instances within its scope. Great power is placed in the hands of the mayor. But that is in harmony with modern legislative policy touching the administration of municipal affairs, whereby large authority is reposed in the mayor, who on this account may be held to a high degree of personal responsibility in the administration of the affairs of the city.

*Petition dismissed without costs.*

*H. Parker,* (*H. H. Fuller* with him,) for the petitioners.
*J. A. Sullivan,* (*K. Adams* with him,) for the respondents.