MAURICE F. McKENNA *vs.* WILLIAM P. WHITE & others.

JOSEPH M. HAYES *vs.* WILLIAM P. WHITE & others.

Essex.   December 4, 5, 1933. — September 12, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Lawrence. Municipal Corporations,* Removal of appointive officers. *Words,* "Cause," "Reason or reasons."

The provision in § 44 of the charter of the city of Lawrence, St. 1911, c. 621, Part II, that "All removals from appointive offices shall be accompanied by a statement of the reason or reasons therefor under the signature of the director removing the officer or officers, and a copy of the statement shall be filed in the office of the city clerk," governs the members of the city council when acting together as the council as well as when each is acting alone as the head of a department of municipal administration.

Discussion by RUGG, C.J., of the meaning of the words "cause" and "reason or reasons" in connection with removals from public office.

Votes of the city council of Lawrence, to remove from office the tax collector and the purchasing agent, it being recited in each vote that the cause of removal was "for the good of the service," were ineffective in that they were not accompanied by adequate "statement[s] of the reason or reasons" for the removals, as required by said § 44.

The power of the city council of Lawrence to remove the tax collector from office under §§ 42, 44, of the city charter, St. 1911, c. 621, Part II, is not restricted by G. L. (Ter. Ed.) c. 60, § 96.

Two PETITIONS for writs of mandamus, filed in the Supreme Judicial Court for the county of Essex on March 11, 1932.

The petitions were referred to an auditor for hearing together, and afterwards were heard by *Field*, J. Material facts are stated in the opinion. The single justice ordered the writ to issue in each case. The respondents alleged exceptions in both cases, and the petitioner alleged exceptions in the second case.

*W. T. Rochefort*, City Solicitor, for the respondents.

*J. A. O'Mahoney*, for the petitioners.

RUGG, C.J. These are petitions for writs of mandamus, in each case against the respondents alleged to be members of the municipal council of the city of Lawrence, hereafter called respondents, and in the first case also against one Donahue alleged to be acting as purchasing agent of the city, and in the second case also against one Dooley alleged to be acting as tax collector of the city, to determine whether in the first case the petitioner or the respondent Donahue is the purchasing agent and in the second case whether the petitioner or the respondent Dooley is the tax collector of the city. Each petitioner was appointed to the office to which he now seeks reinstatement for a term to continue until his successor was appointed and qualified and not otherwise fixed as to length. On January 4, 1932, the removal of the petitioners from their respective offices was voted. It was recited in each vote that the cause of removal was "for the good of the service." Statement of a similar tenor signed by those of the respondents who had voted for removal was subsequently filed with the city clerk.

The question common to both cases is whether in making each removal there was compliance with the relevant provisions of St. 1911, c. 621, Part II, which constitutes the charter of the city of Lawrence. By § 42 power is conferred upon the respondents "to appoint, suspend or remove the following officers, to wit: the . . . collector of taxes . . . purchasing agent . . . ." In § 44 is this provision: "All removals from appointive offices shall be accompanied

by a statement of the reason or reasons therefor under the signature of the director removing the officer or officers, and a copy of the statement shall be filed in the office of the city clerk."

Although the latter provision might be more clear, plainly from its context it governs the respondents when acting together as the council as well as when each is acting alone as the head of a department of municipal administration. The mandate that all removals shall be accompanied by the statement is the dominant feature of this provision and admits of no exceptions.

There is requirement that the authorized officer or board in removing an incumbent from office or employment in the public service under some statutes shall state the cause, in others the reason or reasons, and in still others both the cause and the reason or reasons. In *Ayers* v. *Hatch*, 175 Mass. 489, the statute permitted removal of an officer by the mayor "for such cause as he shall deem sufficient and shall assign in his order of removal." (Page 491.) It was held that an order of removal "for the good of the service" was sufficient under the statute. It was said at page 492, "Cause implies . . . a reasonable ground of removal, and not a frivolous or wholly unsatisfactory or incompetent ground of removal. If the cause assigned is a reasonable one, then, whether under the circumstances it is sufficient to justify a removal, is for the mayor to decide and his decision is final." *O'Dowd* v. *Boston*, 149 Mass. 443. *Bailen* v. *Board of Assessors*, 241 Mass. 411, and cases cited. In *Stiles* v. *Municipal Council of Lowell*, 229 Mass. 208, the statute required that there be no removal from office "except for just cause and for reasons specifically given in writing." It was held that a statement of proposed and of final removal "for the good of the service" was ineffectual because not in conformity to the statute. The Legislature has made a distinction between "cause" and "reasons" in connection with removals from office or employment protected by the laws relating to the civil service, where both words are used. G. L. (Ter. Ed.) c. 31, §§ 42A, 43, 46. No adjudication has undertaken to define that

distinction, although the importance of a statement of the reasons has been recognized. *Murphy* v. *Mayor of Boston,* 220 Mass. 73, 76. *Thomas* v. *Municipal Council of Lowell,* 227 Mass. 116, 119. *Stiles* v. *Municipal Council of Lowell,* 229 Mass. 208, 209. By G. L. (Ter. Ed.) c. 71, § 42, touching the removal of school teachers, a statement of "reasons" must be given upon request. *Corrigan* v. *School Committee of New Bedford,* 250 Mass. 334.

The two words are often used in a similar sense. There is a difference in meaning between them in application to removal from office or employment. Cause occasions the removal. It is a succinct statement of that which produces or leads to removal as the result. Reason or reasons are the circumstances, the proofs, the facts or the motives, which generate the conviction that there ought to be removal. A statement of the reason or reasons for removal is a full and fair answer to the question, why was the removal made. The statement of a cause may be in general terms. A statement of the reason or reasons must be somewhat definite and detailed. *Underwood* v. *Board of County School Commissioners,* 103 Md. 181. The good of the service is a sufficient statement of a cause for removal. It is not an adequate statement of the grounds which create the state of mind precedent to the establishment of that cause in the opinion of the removing person or board. A statement of the reason or reasons leading to the removal of another from office explores the mind and searches the conscience more deeply than the statement of the cause. The manifest purpose of the provision that a removal from an appointive office be accompanied by written statement of the reason or reasons therefor signed by the removing officer or officers to be filed with the public records of the city is to impose the restraint upon unwarranted, prejudiced or wrongful removals naturally flowing from immediate, complete and permanent publicity of the true grounds and motives underlying that action, and to enable the removed officer or employee to know why he has been deemed unworthy to continue longer in the public service. This is by no means a vain form. Its design is to improve the

public service and to afford some sense of security to faithful, efficient and honest officers and employees of good morals and sound character working with fidelity for the general welfare, and at the same time to confer upon responsible executive officers power to remove the incompetent, the inefficient and the unworthy.

It follows that the respondents did not comply with the provisions of St. 1911, c. 621, Part II, § 44, in attempting to remove each of the petitioners from his office, in that they failed to make an adequate "statement of the reason or reasons therefor." The votes of removal were therefore of no effect.

The petitioner Hayes contends that the power of the respondents to remove him from the office of tax collector is not governed solely by the provisions of the city charter already quoted but is further limited by G. L. (Ter. Ed.) c. 60, § 96, and that such removal can be made only for the causes there specified. This section is general in terms. Standing alone it authorizes the removal of a tax collector of any city or town for the restricted causes there enumerated. It has been in substance a part of the statutory law of the Commonwealth for many years. In its present form it antedates the enactment of the charter of Lawrence. It governs the removal of tax collectors of all towns and of cities for which no special provision of a different tenor has been made by the General Court. The charter of the city of Lawrence enacted in 1911 was a special act growing out of the peculiar wants, condition and circumstances of that municipality. It contains a provision touching this very subject of removal of tax collector. It is operative notwithstanding the general law. *Worcester* v. *County Commissioners*, 167 Mass. 565. *Copeland* v. *Mayor & Aldermen of Springfield*, 166 Mass. 498, 504. *Boston & Albany Railroad* v. *Public Service Commissioners*, 232 Mass. 358. *Cohen* v. *Price*, 273 Mass. 303, 308. As to Lawrence the general law at most is permissive and not restrictive. Its terms are embraced within the broader scope of § 44 of the charter of Lawrence. The case at bar on this point is distinguishable from cases like *Cassidy* v. *Transit Department of*

*Boston,* 251 Mass. 71, and *Mansfield* v. *O'Brien,* 271 Mass. 515.

All the exceptions argued by each excepting party respecting his own exceptions have been considered. Other exceptions are treated as waived. No error is shown. In both cases the exceptions of the respondents are overruled. In the second case the exceptions of the petitioner are overruled.

*So ordered.*