JAMES J. EGAN *vs.* MAYOR OF BOSTON & another.

Suffolk.    April 6, 1937. — November 29, 1937.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Municipal Corporations,* Officers and agents. *Boston. Statute,* Construction, Amendment.

The power to "remove any head of a department or member of a board," given by St. 1909, c. 486, § 14, to the mayor of Boston, was not expressly or impliedly taken from him as to members of the board of commissioners of school buildings by the provisions of St. 1929, c. 351, under which that board was constituted.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on December 26, 1936, for a writ of mandamus.

The petition was heard by *Field,* J., and was dismissed. The petitioner alleged exceptions.

*J. G. Bryer,* for the petitioner.

*H. E. Foley,* Corporation Counsel, (*L. H. Weinstein,* Assistant Corporation Counsel,) for the respondents.

RUGG, C.J.    This petition for a writ of mandamus is brought to establish the right of the petitioner to office as a member of the board of schoolhouse commissioners of the city of Boston, to which he was appointed in December, 1935, and from which he was removed by the respondent mayor (hereafter called the mayor) in December, 1936. The person appointed in place of the petitioner is joined as a respondent.    A separate answer was filed by each respondent.    There was no dispute between the parties as to the facts, and no evidence was introduced at the trial.    The case was submitted to the single justice upon the issues of law raised by the pleadings.    Requests for rulings of law by the petitioner were denied and an order was entered dismissing the petition.    Exceptions by the petitioner bring the case here.    The question raised is whether the mayor had a right to remove the petitioner from office under St. 1929, c. 351.

The salient facts are these: By St. 1929, c. 351, there was created a board of commissioners of school buildings of the city of Boston to consist of three citizens, one to be appointed by the mayor, one by the school committee, and one to "be chosen by the two so appointed or . . . appointed by the governor if the appointees of the mayor and school committee fail to choose a commissioner" within a specified time.    The petitioner was appointed a member of the commission by the mayor on December 1, 1935, for a term of three years.    He was removed by the mayor by the filing of a "written statement with the city clerk setting forth in detail the specific reasons for such removal" and by delivering a copy thereof to the petitioner.    St. 1909, c. 486, § 14.    The reasons set forth in the statement of removal need not be recited.    They clearly were sufficient in law. *McKenna* v. *White,* 287 Mass. 495.

The procedure of removal by the mayor followed precisely the provisions of St. 1909, c. 486, § 14.    As matter of form there was no defect in the removal.    St. 1909, c. 486, constitutes the amended charter of the city of Boston.    By

its § 14 the mayor is empowered to "remove any head of a department or member of a board," with exceptions not here material. It is plain that the petitioner was a "member of a board" within the meaning of those words in § 14. That is settled by *Murphy* v. *Mayor of Boston*, 220 Mass. 73, 74, 76.

The circumstance that the statute creating the board of which the petitioner was a member was enacted subsequently to the enactment of the statute conferring the power of removal upon the mayor does not by itself narrow or impair that power. *Johnson* v. *Mayor of Quincy*, 198 Mass. 411.

The petitioner urges that, because St. 1929, c. 351, abolished a preëxisting board, the members of which were removable by the mayor, and conferred upon the mayor no express power of removal of the members of the new board, the power of removal no longer exists. He argues, also, that, because since the enactment of St. 1909, c. 486, several statutes have been enacted creating new boards and conferring the power of removal of their members upon the mayor (Spec. St. 1918, c. 93, § 2; St. 1928, c. 100; St. 1929, c. 263), this is an indication that there was a legislative design that the power of removal was not intended with respect to members of the board of schoolhouse commissioners. This argument is not convincing. It does not disclose an established legislative policy. Said c. 486 apparently was designed to continue as the frame of government of the city of Boston for a considerable time, and to be subject to amendment from time to time as public interest might require. It is a general principle that the "parts of the original statute which are inconsistent with the amended statute, and those only, are repealed by implication." *Wilson* v. *Head*, 184 Mass. 515, 517. *McAdam* v. *Federal Mutual Liability Ins. Co.* 288 Mass. 537, 541. "A statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." *Cohen* v. *Price*, 273 Mass. 303, 309. *Eaton, Crane & Pike Co.* v. *Commonwealth*, 237 Mass. 523, 530. There is nothing in the form or

substance of said c. 351 to indicate that the new board was not intended to take its place among other municipal boards subject to the general power of removal by the mayor.

It is not necessary to examine in detail the requests for rulings presented by the petitioner. There was no error in the denial of them all. The petition was rightly dismissed.

*Exceptions overruled.*