REGINALD J. MURPHY *vs.* THIRD DISTRICT COURT OF
EASTERN MIDDLESEX.

Middlesex.    April 3, 1944. — September 11, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*District Court,* Review of action with respect to civil service. *Public
Works. Civil Service.*

On a review by a District Court under G. L. (Ter. Ed.) c. 31, § 45, of a
removal of a civil service employee, the only issues open are whether
the removal was without proper cause and whether it was made in
bad faith; the question whether there was compliance with the pro-
visions of § 43 respecting the giving of reasons for the removal is not
open.
No error appeared on certiorari in a District Court's affirmance under
G. L. (Ter. Ed.) c. 31, § 45, of a removal by the commissioner of public
works of a "right of way agent" from his position where the return
showed that there was evidence before the judge justifying him in
finding that the commissioner had abolished the position as nones-
sential and that his doing so had not been without probable cause or
in bad faith.
There is nothing in the statutes relating to civil service that prevents
the abolition of classified positions for proper cause and in good faith,
accompanied by a redistribution of duties.

PETITION for a writ of certiorari, filed in the Superior
Court on July 8, 1942.

The case was heard by *Spalding,* J.

*G. A. McLaughlin,* for the petitioner.

*R. Clapp,* Assistant Attorney General, (*J. E. Farley,*
Assistant Attorney General, with him,) for the respondent.

QUA, J.    This is a petition for a writ of certiorari to quash
the decision of a judge of a District Court who, under G. L.
(Ter. Ed.) c. 31, § 45, as amended, had reviewed proceed-
ings before the commissioner of public works wherein the
petitioner had been ousted from the position of "right of
way agent," an office or employment in the classified pub-
lic service of the Commonwealth. The judge of the Dis-
trict Court, after hearing, made detailed findings and rulings
set forth in his return, and "dismissed" the petition for

review. Although the word "dismissed" was used, it is apparent from the return as a whole that the judge of the District Court intended to "affirm" the decision of the commissioner in accordance with the wording of the statute, and we treat his action, as the parties have treated it, as such affirmance. In the Superior Court the petition for certiorari was dismissed, and the petitioner excepted to the order of dismissal.

The question before us is the same as that which was presented to the judge of the Superior Court, namely: whether it appears as matter of law from the face of the return of the judge of the District Court (the respondent in this petition for certiorari) that he ought to have reversed the decision of the commissioner and reinstated the petitioner in his position. *Westport* v. *County Commissioners of Bristol*, 246 Mass. 556, 562. *Selectmen of Wakefield* v. *Judge of First District Court of Eastern Middlesex*, 262 Mass. 477, 480. *Miami Grove Inc.* v. *Licensing Board for Boston*, 312 Mass. 318, 324. And the decision of that question necessarily depends upon the exact nature of the duty which a judge of a District Court is required to perform when called upon to "review" the action of the removing officer or board. By the express terms of the statute the judge is required to "affirm the decision of the officer or board unless it shall appear that it was made without proper cause or in bad faith." Only those two issues are open on review.

The petitioner contends that the "notice of removal" did not comply with the requirement of G. L. (Ter. Ed.) c. 31, § 43, that "reasons" be "specifically given him in writing within twenty-four hours after such removal . . . ." The notice gave as the reason for removal "the abolishment of the said position as non-essential." The petitioner contends that this is the recital of a cause and not of reasons for removal. For the distinction between "cause" and "reasons" in the statute see *McKenna* v. *White*, 287 Mass. 495. But whether there has been compliance with the requirement of § 43 that reasons be specifically given in writing is not one of the two issues open upon review in the District Court under § 45. Under that section nothing is open ex-

cept "proper cause" and "bad faith." When the petitioner adopted that procedure he took it with its statutory limitations. If he had desired to test the sufficiency of the specific statement of reasons he could have done so by a petition for a writ of mandamus for his reinstatement on the ground that the procedural requirements of § 43 had not been complied with; but he could not enlarge the scope of review under § 45 by raising that issue in the District Court on review. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590. *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 116. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 91–92. *Parker* v. *District Court of East Norfolk*, 309 Mass. 377. The petitioner rightly concedes that the notice stated a "proper cause," and we do not mean to decide that it was not also sufficient as a specific statement of reasons.

The petitioner further contends, in substance, that as matter of law on the face of the return the judge of the District Court ought to have ruled that the commissioner could not in good faith reasonably find that the "proper cause" of "abolishment of the . . . [petitioner's] position" existed. This contention is based principally upon the argument that work of the kind performed by the petitioner necessarily continued to be performed by others after the petitioner was separated from the service. The duty of a judge of a District Court in reviewing under § 45 the action of an officer in removing a person holding a classified position is defined in *Murray* v. *Justices of the Municipal Court of the City of Boston*, 233 Mass. 186. On page 189 it is said that such a review is "a re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment." See *Costa* v. *District Court of Eastern Essex*, 305 Mass. 85, 86–87.

It appears from the return that there was evidence before the commissioner warranting the judge in concluding that the commissioner in the exercise of an unbiased and reasonable judgment could have found that the petitioner, who was a lawyer, had been appointed in December, 1935, to

a new position in the department of public works called "right of way agent"; that at the same time there were appointed in the department an "assistant right of way agent" and no fewer than twenty-two "right of way negotiators"; that for about a year and a half "all of the legal work and of the negotiating, appraising and adjusting" were done by the petitioner or by his "assistants" under his direction, and that titles were examined under a system set up by him; that his services, together with those of the "assistant" and of the twenty-two "negotiators," were "terminated" in June, 1937; that the petitioner was reinstated as "right of way agent" in November, 1937, but the twenty-two "negotiators" were not reinstated; that after the petitioner was reinstated several engineers in the department did the work of appraising, negotiating and adjusting damages and securing releases; that "title examinations" were sent to "outside conveyancers"; that thereafter, although the petitioner gave some legal opinions, was sometimes assigned "to assist" the Attorney General's office, and did "checking up on titles," his work consisted principally in negotiating easements "small in financial value," called by the commissioner in his testimony "one dollar easements" but sometimes running "to five or six hundred dollars"; that there were "plenty of employees" to handle such work without employing a lawyer at a much higher salary; that legal opinions could be had from the Attorney General; that "outside title searchers" would search such titles as needed to be searched "at much less cost in the long run than having a high salaried individual doing this work"; that "the securing of easements and their preparation" would be done without the petitioner in the same manner in which they had been done before the original appointment of the petitioner, the "assistant," and the twenty-two "negotiators"; and that "there was a great decrease in the contemplated road construction of the department." There is nothing to show that after the petitioner's dismissal any one officer or employee performed the same combination of duties that the petitioner had been performing, or that the total number of persons employed

was not reduced as a result of the petitioner leaving, or that there was not a net saving in expense.

In the foregoing statement of facts that the commissioner could have found we have made use of the summary of "all the evidence" before the commissioner included in the return of the judge of the District Court. We do not pause to discuss the technical correctness of including such a summary in the return or any technical limitations upon the purposes for which it may now be used. See *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 212–213; *Westport* v. *County Commissioners of Bristol,* 246 Mass. 556, 562; *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160, 163; *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 377. But see *Great Barrington* v. *County Commissioners,* 112 Mass. 218, 224, decided at the same term as the case first above cited; *Hogan* v. *Collins,* 183 Mass. 43, 46; and *Marinelli* v. *Board of Appeal of Boston,* 275 Mass. 169, 174. No objection has been made to its inclusion for some purposes, and it is at least as much to the advantage of the petitioner that it be fully considered as that his case be rested solely upon the decision of the judge of the District Court, which in substance was that the commissioner's action "was the result of a conclusion to which an honest and unprejudiced administrator might have come," and that "the abolition of the petitioner's position as non-essential was made in good faith and without any improper or ulterior motive." It is to be expected that hereafter petitions for certiorari will commonly come here by appeal under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, and that the sufficiency of the evidence to warrant the action taken will be reviewable in accordance with c. 249, § 4, as amended by St. 1943, c. 374, § 1. For all that appears the hearing in the Superior Court in this case was held before the 1943 act took effect.

We agree with the judge of the District Court that the commissioner could properly find that there had been a genuine abolition of a non-essential position and not a mere shifting about of duties for the purpose of concealing a wrongful discharge of the petitioner. The case is plainly distin-

guishable from *Garvey* v. *Lowell,* 199 Mass. 47, where a jury had specifically found that the alleged abolition of the position was a mere pretext or device to get rid of the plaintiff in bad faith.

There is nothing in the statutes relating to civil service, G. L. (Ter. Ed.) c. 31, as amended, that makes classified positions permanent or that prevents the abolition of such positions for proper cause and in good faith, accompanied by a redistribution of duties. *McNeil* v. *Mayor & City Council of Peabody,* 297 Mass. 499, 503–504, and cases cited. *Williams* v. *New Bedford,* 303 Mass. 213. The commissioner of public works has power to appoint and remove officers and employees in the department and to assign their duties. G. L. (Ter. Ed.) c. 16, § 4. Whether the persons to whom were delegated the duties formerly performed by the petitioner were properly qualified under the law to receive those duties is not an issue in this case.

Nothing would be gained by a detailed discussion of the petitioner's requests for "rulings" addressed to the judge of the District Court. Most of them are covered by what has been said. Many of them were requests for findings rather than rulings. There was nothing in the manner in which the judge dealt with any of them that required the Superior Court to quash his decision.

*Exceptions overruled.*