WALTER E. LAWRENCE *vs.* SELECTMEN OF SAUGUS & another.

Essex. December 6, 1956. — February 4, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Jurisdiction*, Public officer. *Public Officer. Municipal Corporations*, Officers and agents.

There was no jurisdiction in equity of a suit by the town manager of a town to enjoin its selectmen from interfering with the plaintiff in the performance of his duties, and to enjoin another defendant from acting as temporary town manager, on the alleged ground of noncompliance by the selectmen with statutory requirements for removing the plaintiff from office.

BILL IN EQUITY, filed in the Superior Court on February 3, 1956.

The suit was heard by *Goldberg,* J., on demurrer.

*Lewis H Peters,* for the plaintiff.

*John M. Fogarty,* for the defendants

RONAN, J. These are appeals from an interlocutory decree sustaining a demurrer and from a final decree dismissing a bill brought by the plaintiff as town manager of Saugus against the selectmen of said town (hereinafter called the defendants) to restrain them from interfering with the plaintiff in the performance of his duties as said manager, and against the temporary town manager to enjoin him from acting as town manager.

The bill alleges that the plaintiff was notified that the defendants on January 31, 1956, had passed a preliminary resolution that they intended to take a vote on March 3, 1956, to remove him as town manager for the specific reasons that they had no longer any confidence in him as town manager, that they had been informed that he did not desire to serve as town manager, and that the interests of the town would be better served by his removal as manager. A record of this vote was filed in the office of the town clerk on February 1, 1956. It also appears from the said bill that the defendants appointed one DeFronzo as temporary manager. He and the selectmen constitute all the defendants. The town is not named as a defendant.

The plaintiff paid no attention to this proceeding commenced by the defendants other than filing the instant bill on February 3, 1956. The plaintiff's contention then was and now is that the preliminary resolution adopted by the selectmen on January 31, 1956, and filed with the town clerk did not set forth "in detail the specific reasons for his proposed removal" as required by St. 1947, c. 17, § 11, as amended by St. 1952, c. 199, § 1.

Said c. 17 provides a form of government for the town of Saugus. The selectmen were authorized to remove the manager by § 11.[1] The plaintiff contends that the method

---

[1] "The selectmen, by a majority vote of the full membership of the board, may remove the town manager. At least thirty days before such proposed removal shall become effective, the selectmen shall file a preliminary written

of removal was not complied with, § 11 as amended, and relies upon *McKenna* v. *White*, 287 Mass. 495. The case cited, however, distinguishes between causes and reasons in the application of statutes requiring the statement of specific reasons, rather than of mere causes, in the removal statute. The usual remedy, in the absence of a specific statutory remedy like the one supplied for the removal of one in the classified civil service, G. L. (Ter. Ed.) c. 31, § 45, as amended, is a petition for a writ of mandamus. Indeed, *McKenna* v. *White* was a case seeking a writ of mandamus. See also *Murphy* v. *Third District Court of Eastern Middlesex*, 316 Mass. 663, 665, where it was pointed out that even in the case of one in the classified service the remedy for one removed not in accordance with the statute is by a petition for a writ of mandamus. See *Peckham* v. *Mayor of Fall River*, 253 Mass. 590; *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 116.

No ground for equitable relief is shown by the bill. There was no jurisdiction in equity to try title to public office. An effective vote to remove him might not have been taken on March 3, 1956, and if a vote was taken, he was not without an available remedy. *Prince* v. *Boston*, 148 Mass. 285, 287–289. *Brierley* v. *Walsh*, 299 Mass. 292. *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 490. High, Law of Injunctions (4th ed.) §§ 1312, 1313.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs*
> *of the appeal.*

---

resolution with the town clerk setting forth in detail the specific reasons for his proposed removal, a copy of which resolution shall be delivered to the town manager. The manager may reply in writing to the resolution and may request a public hearing. If the manager so requests, the board of selectmen shall hold a public hearing not earlier than twenty days nor later than thirty days after the filing of such request. After such public hearing, if any, otherwise at the expiration of thirty days following the filing of the preliminary resolution, and after full consideration, the selectmen by a majority vote of the full membership of the board may adopt a final resolution of removal. In the preliminary resolution, the selectmen may suspend the manager from duty, but shall in any case cause to be paid to him forthwith any unpaid balance of his salary and his salary for the next three calendar months following the filing of the preliminary resolution."