JOHN T. JOHNSON vs. DISTRICT ATTORNEY FOR THE
NORTHERN DISTRICT & others.

Middlesex.    February 6, 1961. — March 9, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

County.    Mandamus.    Words, "Shall," "Binding."

A county employee classified under the county classification plan as a
special messenger and assigned for duty in the district attorney's office
had a right of appeal to the county personnel board under G. L. c. 35,
§ 52, from subsequent action by the district attorney purporting to abol-
ish the messenger's position.    [214]

Mandamus lay to compel a district attorney to comply, after he had re-
fused to comply, with a decision made by the county personnel board on
an appeal to it under G. L. c. 35, § 52, reversing a purported abolition
by the district attorney of the position in the classified personnel service
of a special messenger assigned to his office and directing the district
attorney to take necessary action "in conformity with this decision."
[214–215]

PETITION for a writ of mandamus filed in the Superior
Court on January 25, 1960.

The case was heard by *Taveira*, J.

*Robert M. Sriberg*, Special Assistant District Attorney,
for the respondent District Attorney.

*Edward J. Bushell*, for the petitioner.

KIRK, J.    By this petition for a writ of mandamus the
petitioner seeks to compel the respondent district attorney
(hereinafter called the respondent) to reinstate him to his
position as special messenger, to assign him duties con-
sistent with his position, and to sign papers necessary to
authorize the county treasurer to pay him compensation.

The case was submitted to the trial judge on a statement
of agreed facts.    The judge ordered the writ to issue.
From a final judgment entered in accordance with this
order the respondent appealed.    G. L. c. 213, § 1D, as
amended by St. 1957, c. 155.

On December 30, 1932, the petitioner with the approval of the county commissioners commenced work for the county of Middlesex as a junior messenger under the supervision of the superintendent of buildings. On June 11, 1937, pursuant to the provisions of G. L. c. 35, §§ 48–55, the county commissioners appointed the petitioner to be senior messenger and janitor, under the supervision of the superintendent of buildings. This appointment, subject to review by the county personnel board, became final. On July 30, 1946, at the request of the then district attorney George E. Thompson, Esquire, and with the approval of the county commissioners, the petitioner was transferred to the district attorney's office to serve as special messenger under the district attorney's supervision. This appointment, also subject to review by the county personnel board, became final. The petitioner was not appointed to any office by the district attorney. General Laws c. 12, § 22, as amended through St. 1948, c. 423, § 6, is not applicable. He was, in effect, placed at the disposal of the district attorney by the county commissioners as a county employee classified under the county classification plan as a special messenger. He continued in this position until December 31, 1958. The successor district attorney James L. O'Dea, Junior, Esquire, had on December 2, 1958, notified the petitioner that his position would be "abolished" effective December 31, 1958, and that the county commissioners and county personnel board had been so informed. Thereafter the petitioner appealed to the county commissioners pursuant to G. L. c. 35, § 52, and requested a hearing on the action of the district attorney. He also appealed to the county personnel board and requested a hearing.

The county commissioners on January 20, 1959, after hearing notified the county personnel board that the petitioner's position was in the classified personnel service, that the position was not abolished by the district attorney's action, and that the petitioner was entitled to his salary and other benefits pertaining to his position. On July 22, 1959, following a full hearing, at which all inter-

ested parties appeared, the personnel board upheld the decision of the county commissioners, reversed the action of the district attorney, and directed him "to take such action as may be necessary in conformity with this decision."

The district attorney refused to comply with the board's order. The respondent John J. Droney, Esquire, thereafter succeeded Mr. O'Dea as district attorney and has not reinstated the petitioner.

The judgment entered in the Superior Court was right. The county commissioners and the county personnel board had jurisdiction to hear the petitioner's appeal under G. L. c. 35, § 52. The pertinent part of that statute is as follows: "Any person aggrieved by the allocation or classification of his office or position *or by any other action* or by any failure to act, under any provision of sections forty-eight to fifty-five, inclusive, may appeal in writing to the board. Such appeal shall be filed with the county commissioners . . . who shall forward the appeal to the board, accompanied by a report and their recommendations thereon. . . . The board, after giving all parties interested an opportunity to be heard, shall pass upon the appeal and its decision shall be final and *binding upon all such parties,* including the county commissioners and the person appealing" (emphasis added). The board's authority to entertain appeals is not limited to situations where an employee has been aggrieved by allocation, classification, or failure to act under any of the provisions of §§ 48 through 55 of the statute. An employee aggrieved "by any other action" may appeal to the board. This broad clause certainly includes such action as an attempt by an immediate superior, acting administratively and alone, to abolish a position which had been established, classified and allocated according to laws and rules pertaining to county personnel. G. L. c. 35, § 51. Cf. *Dolan* v. *County of Suffolk,* 310 Mass. 318, 322–323. The board had jurisdiction to hear and act upon the petitioner's appeal.

The respondent contends that mandamus does not lie be-

cause it has not been shown as required (1) that he has a clear duty defined by law to reinstate the petitioner (see *Knights* v. *Treasurer & Receiver Gen.* 236 Mass. 336, 337), and (2) that the duty, if there is one, is purely ministerial as opposed to judicial or discretionary (see *McLean* v. *Mayor of Holyoke,* 216 Mass. 62, 64). The contention is groundless. Under the terms of G. L. c. 35, § 52, the board's decision upon an employee's appeal "shall be final and binding upon all . . . parties." The word "shall" in a statute is commonly a word of imperative obligation and is inconsistent with the idea of discretion. *Elmer* v. *Commissioner of Ins.* 304 Mass. 194, 196. It was not within the respondent's discretion to ignore the board's decision.

The statute imposes a clear duty upon the respondent to comply with the board's decision. The words of a statute are to be construed according to their natural import and approved usage. *Commonwealth* v. *Welosky,* 276 Mass. 398, 401. The word "binding" commonly means "obligatory." It means bringing or placing under definite duties or legal obligations. The discussion of the word "binding" in *Meunier's Case,* 319 Mass. 421, 424–425, confirms this interpretation. Since the respondent has refused to act, mandamus is the proper remedy to compel him to act. *Knights* v. *Treasurer & Receiver Gen.* 236 Mass. 336, 337. See *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 375; *Nichols* v. *Dacey,* 329 Mass. 598, 600. In the circumstances presented, mandamus is the only remedy available to the petitioner. The petitioner's situation is not like that of a civil service employee who has a statutory right to judicial review and order under G. L. c. 31, § 45. In G. L. c. 35, §§ 48–55, there is no provision for judicial review and order. "The usual remedy, in the absence of a specific statutory remedy like the one supplied for the removal of one in the classified civil service, G. L. (Ter. Ed.) c. 31, § 45, as amended, is a petition for a writ of mandamus." *Lawrence* v. *Selectmen of Saugus,* 335 Mass. 400, 402. See *Murphy* v. *Third Dist. Court of E. Middlesex,* 316 Mass. 663, 665.

*Judgment affirmed.*