Robert C. HAGOPIAN, Plaintiff, Appellee,

v.

Clayton TREFREY et al., Defendants, Appellants.

No. 80–1371.

United States Court of Appeals, First Circuit.

March 23, 1981.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

Petitioner argues the irrelevancy of *Fabrizio v. City of Quincy,* —— Mass.App. ——, Mass.App.Ct.Adv.Sh. 991, 404 N.E.2d 675 (1980), by pointing out that in the case at bar a hearing is required, if requested, before removal. Such an observation would have force only if it could be said that the requirement of a hearing implied a requirement of reasonable or just cause. Petitioner's authorities do not fill this gap. *Ayers v. Hatch,* 175 Mass. 489, 56 N.E. 612 (1900), deals with a statute specifically conditioning removal on "cause", albeit cause as deemed sufficient by the removing authority; the statement of cause upheld was "the good of the service", not demonstrably different from the statements in this case concerning lack of confidence, unsatisfactory performance, and absence of a clear pattern of leadership.

*McKenna v. White,* 287 Mass. 495, 498, 192 N.E. 84 (1934), provides specific support of the reasoning in *Fabrizio* in saying:

"The manifest purpose of the provision that a removal from an appointive office be accompanied by written statement of the reason or reasons therefor signed by the removing officer or officers to be filed with the public records of the city is to impose the restraint upon unwarranted, prejudiced or wrongful removals naturally flowing from immediate, complete and permanent publicity of the true grounds and motives underlying that action, and to enable the removed officer or employee to know why he has been deemed unworthy to continue longer in the public service." 287 Mass. at 498, 192 N.E. at 85.

*The petition is denied.*